696 So.2d 1188 (1997)
R.D.S., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3407.
District Court of Appeal of Florida, First District.
May 14, 1997.
Rehearing Denied July 17, 1997.
*1189 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Attorney General, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Our review of the entire record in the case at bar persuades us that the trial court elected to disregard the minimum risk placement recommendation of the Department of Juvenile Justice (DJJ) regarding the juvenile appellant in this case relying primarily on his observations of appellant. These observations included appellant's "body language," a perceived disrespectful and contemptuous attitude and a lack of appreciation for the "break" the trial court offered regarding placement. It appears from the colloquy between appellant's counsel and the court, that appellant's "body language" at the placement hearing was particularly offensive to the court.
We are not unsympathetic with a court that has before it a juvenile who is sullen and boorish, but we cannot distinguish the type of conduct found offensive by the court here from conduct which shows a lack of contrition or remorse. It has been held that such conduct is not sufficient to overcome the burden placed upon a trial court when it disregards placement recommendations by the Department of Juvenile Justice. K.Y.L. v. State, 685 So.2d 1380 (Fla. 1st DCA, 1997); see A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996). In order to disregard such a recommendation, the court's reasons must be supported by a preponderance of the evidence. See J.M. v. State, 677 So.2d 890 (Fla. 3d DCA 1996).
Otherwise stated, we find that the reasons ascribed by the trial court for disregarding DJJ's placement recommendation are the functional equivalent of basing a placement decision on lack of contrition and remorse. Accordingly, we are obliged to reverse and remand for further proceedings consistent with this opinion.
MINER, ALLEN and MICKLE, JJ., concur.